**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| **IN RE: 1-800 CONTACTS ANTITRUST LITIGATION** | : | **MDL No. 2770** |

# INTERESTED PARTY RESPONSE OF TAYLOR ZIMMERMAN, SARA HARTMAN, IYSHA ABED, ROBERT WEINSTEIN, JILL SCHULSON, LEIA PITNO, AND ALEXA BEAN

Pursuant to Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Taylor Zimmerman, Sara Hartman, Iysha Abed, Robert Weinstein, Jill Schulson, and Leia Pinto (collectively, the "*Zimmerman* Plaintiffs"), plaintiffs in *Zimmerman et al. v. 1-800 Contacts, Inc.*, No. 2:16-cv-06417-AB (E.D.Pa.) and Alexa Bean (together with the *Zimmerman* Plaintiffs, the "Pennsylvania Plaintiffs"), plaintiff in *Bean v. 1-800 Contacts, Inc.*, No. 2:16-cv-05726-AB (E.D.Pa.), state as follows in response to the Motion for Transfer and Coordination of Related Actions Pursuant to 28 U.S.C. § 1407 (Doc. No. 1) (the "Motion").

1. The Pennsylvania Plaintiffs both consent to, and support, the Motion.

2. In the interest of brevity, the Pennsylvania Plaintiffs incorporate by reference the arguments made in the Motion, all of which set forth more-than-sufficient grounds to warrant pretrial consolidation.

3. In further support of the Motion, the Pennsylvania Plaintiffs state that each of them is an individual that chose counsel in Philadelphia, Pennsylvania. An action on the East Coast is far more convenient for the Pennsylvania Plaintiffs and their chosen counsel than Utah or other far-removed jurisdictions.

4. The Pennsylvania Plaintiffs support the transfer of these cases to the District of Columbia. The District of Columbia is convenient to the Pennsylvania Plaintiffs and their chosen counsel. In addition, as set forth in the Motion, the District of the District of Columbia has a lower per-judge case load and a shorter average time to resolution than does the District of Utah – the District to which 1-800 Contacts has tried to steer these cases. In addition, the District of the District of Columbia has substantial experience with antitrust actions, with multidistrict litigation in general, and with multidistrict antitrust actions as well. There are currently nine MDLs pending in the District for the District of Columbia, including two antitrust MDLs, but there are no MDLs pending in the District of Utah. *See* http://www.jpml.uscourts.gov/sites/jpml/files/ Pending_MDL_Dockets_By_District-January-17-2017.pdf (last visited Jan. 29, 2017).

5. As an alternative to the District of Columbia, the Panel can transfer these cases to the Eastern District of Pennsylvania. The Eastern District of Pennsylvania has a substantially faster docket than the District of Utah and more experience with antitrust cases. For the year ended September 30, 2016, there were approximately 383 civil cases filed per judge, with a median time to resolution of five months. While the District of Utah has fewer cases per judge (approximately 280), the average time to resolution is twice as long at 10.4 months. In addition, there were 52 civil antitrust cases filed in the Eastern District of Pennsylvania in the year ended September 30, 2016, and only two such cases in the District of Utah. The Eastern District of Pennsylvania also has substantial experience with multidistrict litigation in general and with multidistrict antitrust actions, as well. There are currently 16 MDLs pending in the Eastern District of Pennsylvania, including eight antitrust MDLs, compared with the complete absence of such proceedings in the District of Utah. *See* http://www.jpml.uscourts.gov/sites/jpml/files/

Pending_MDL_Dockets_By_District-January-17-2017.pdf (last visited Jan. 29, 2017). Moreover, the cases pending in the Eastern District of Pennsylvania have been assigned to Hon. Anita Brody. Judge Brody has substantial experience with MDL proceedings, including overseeing the recent settlement in *In re Nat'l Football League Players' Concussion Injury Litig.*, MDL No. 2323. Judge Brody also has substantial experience with antitrust class actions. *See, e.g., In re Flonase Antitrust Litig.*, Civ. A. No. 08-03149 (E.D.Pa.); *McDonough et al. v. Toys "R" Us, Inc. et al.*, Civ. A. No. 06-242 (E.D.Pa.); *Elliott, et al. v. Toys "R" Us, Inc.*, Civ. A. No. 09-6151 (E.D.Pa.).

6. In contrast to either the District of Columbia or the Eastern District of Pennsylvania, the District of Utah is a relatively inconvenient forum. As noted above, the District of Utah has a slower-moving docket and less experience with antitrust cases and with MDL proceedings. Notably, 1-800 Contacts implicitly acknowledged Utah's inconvenience in its administrative proceedings before the Federal Trade Commission. *See In the Matter of 1-800 Contacts, Inc.*, FTC Docket No. 9372. A recent filing in that case includes e-mails between counsel for the FTC and for 1-800 Contacts discussing scheduling of expert depositions. 1-800 Contacts proposes to hold one deposition in New York and two depositions in the District of Columbia. (Ex. A.) ***None of the depositions is scheduled to occur in Utah***. As that e-mail exchange illustrates, litigating on the East Coast does not impose an undue burden on 1-800 Contacts. Indeed, it is willing to do so. On the other hand, the reason that none of the depositions is scheduled for Utah is that Utah is not convenient for anyone.

7. The Panel should consolidate these matters to permit the parties to develop the facts necessary to determine where any trial should take place. In both the *Bean* and the *Zimmerman* actions, 1-800 Contacts, Inc. ("1-800 Contacts") has filed a motion to transfer the

case to the District of Utah pursuant to 28 U.S.C. § 1404. (*Bean* ECF No. 14; *Zimmerman* ECF No. 11). 1-800 Contacts has filed similar motions in two actions pending in the District for the District of Columbia. In all of its transfer motions, 1-800 Contacts emphasizes the availability of witnesses to testify at trial in these cases. (*E.g.*, *Bean* ECF No. 14 at 12-14.) Of course, 1-800 Contacts makes these arguments before any of the Pennsylvania Plaintiffs, or the plaintiffs in the D.C. actions, has had an opportunity to take any discovery. As a result, the Pennsylvania Plaintiffs cannot make determinations about who will or will not likely be a witness at trial, let alone who will or will not attend in person. Transfer and consolidation pursuant to Section 1407 will permit the parties to develop a factual record from which the parties can make reasoned arguments about who the trial witnesses will be and which forum is best for any trial.

8. Moreover, 1-800 Contacts' transfer arguments emphasize its former employees but ignore the need for discovery from, and potential trial testimony from, the parties with which it entered into allegedly-anticompetitive agreements. Those companies are located across the United States, not in Utah.

For all of the foregoing reasons, the Pennsylvania Plaintiffs respectfully request that the Panel grant the Motion and consolidate these cases for pretrial purposes in the District of Columbia or, as an alternative, in the Eastern District of Pennsylvania.

Respectfully submitted,

**For *Bean* Plaintiff,**

*/s/ David J. Stanoch*
Richard M. Golomb, Esquire
Ruben Honik, Esquire
Kenneth J. Grunfeld, Esquire
David J. Stanoch, Esquire
**GOLOMB & HONIK, P.C.**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Phone: (215) 985-9177
Fax: (215) 985-4169
Email: rgolomb@golombhonik.com
rhonik@golombhonik.com
kgrunfeld@golombhonik.com
dstanoch@golombhonik.com

**For *Zimmerman* Plaintiffs,**

*/s/ Joshua D. Wolson*
Joshua D. Wolson, Esquire
Jerry R. DeSiderato, Esquire
**DILWORTH PAXSON LLP**
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Phone: (215) 575-7000
Email: jwolson@dilworthlaw.com
jdesiderato@dilworthlaw.com

Dated: February 15, 2017