**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE 1-800 CONTACTS ANTITRUST LITIGATION** | **MDL DOCKET NO. 2770** |

## RESPONSE TO MOTION TO TRANSFER BY ELIZABETH HENRY

Pursuant to Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Elizabeth Henry, plaintiff in *Henry v. 1-800 Contacts, Inc.*, No. 1:17-cv-00117 (D.D.C.), states as follows in response to the Motion for Transfer and Coordination of Related Actions Pursuant to 28 U.S.C. § 1407 (Doc. No. 1) (the "Motion").

1. Plaintiff Henry consents to, and supports, the Motion.

2. In the interest in brevity, Plaintiff Henry incorporates by reference the arguments made in the Motion, all of which set forth more-than-sufficient grounds to warrant pretrial consolidation.

3. In further support of the Motion, Plaintiff Henry states that she is an individual located on the East Coast who chose counsel in the District of Columbia. An action on the East Coast is far more convenient for Plaintiff Henry and her chosen counsel than Utah or other far-removed jurisdictions. Plaintiff Henry supports the transfer of these cases to the District of Columbia. The District of Columbia is convenient to Plaintiff Henry and her chosen counsel. It is also the venue for the FTC proceeding against 1-800 Contacts. In addition, as set forth in the Motion, the District of Columbia has a lower per-judge case load and a shorter average time to

resolution than does the District of Utah – the District to which 1-800 Contacts has tried to steer these cases. In addition, the District of the District of Columbia has substantial experience with antitrust actions, with multidistrict litigation in general, and with multidistrict antitrust actions as well. There are currently nine MDLs pending in the District for the District of Columbia, including two antitrust MDLs, but there are no MDLs pending in the District of Utah. *See* http://www.jpml.uscourts.gov/sites/jpml/files/ Pending_MDL_Dockets_By_District-January-17-2017.pdf (last visited Jan. 29, 2017).

4. Additionally, Defendant's expert witness list in the ongoing FTC proceeding contains the names of two individuals located in the District of Columbia. *See In the Matter of 1-800 Contacts, Inc.*, FTC Docket No. 9372 (Aug. 8, 2016) Doc. 585551, Ex. B. In that proceeding, Defendant 1-800 Contacts elected to conduct the depositions of those two experts in the District of Columbia. This corroborates that these cases can be litigated conveniently in the District of Columbia.

5. As an alternative to the District of Columbia, the Panel can transfer these cases to the Eastern District of Pennsylvania. The Eastern District of Pennsylvania has a substantially faster docket than the District of Utah and more experience with antitrust cases. For the year ended September 30, 2016, there were approximately 383 civil cases filed per judge, with a median time to resolution of five months. While the District of Utah has fewer cases per judge (approximately 280), the average time to resolution is twice as long at 10.4 months. In addition, there were 52 civil antitrust cases filed in the Eastern District of Pennsylvania in the year ended September 30, 2016, and only two such cases in the District of Utah. In addition, the Eastern District of Pennsylvania has substantial experience with multidistrict litigation in general and with multidistrict antitrust actions, as well. There are currently 16 MDLs pending in the Eastern

District of Pennsylvania, including eight antitrust MDLs, compared with the complete absence of such proceedings in the District of Utah. *See* http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-January-17-2017.pdf (last visited Jan. 29, 2017).

6. In the instant action, as well as in the *Bean v. 1-800 Contacts, Inc.*, (No. 2:16-cv-05726-AB (E.D.Pa.)) and the *Zimmerman et al. v. 1-800 Contacts, Inc.*, (No. 2:16-cv-06417-AB (E.D.Pa.)) actions, 1-800 Contacts, Inc. ("1-800 Contacts") has filed a motion to transfer the case to the District of Utah pursuant to 28 U.S.C. § 1404. (*Bean* ECF No. 14; *Zimmerman* ECF No. 11). In all motions, 1-800 Contacts emphasizes the availability of witnesses to testify at trial in these cases. (*E.g.*, *Bean* ECF No. 14 at 12-14.) Of course, 1-800 Contacts makes these arguments before Plaintiff Henry has had an opportunity to take any discovery. As a result, Plaintiff Henry cannot make determinations about who will or will not likely be a witness at trial, let alone who will or will not attend in person. And 1-800 Contacts emphasizes its own former employees, but ignores the needs for discovery from the parties with whom it entered into the alleged anticompetitive agreements, who are located across the United States—not in Utah.

For all of the foregoing reasons, Plaintiff Henry respectfully requests that the Panel grant the Motion and consolidate the cases for pretrial purposes in the District of Columbia or, as an alternative, in the Eastern District of Pennsylvania.

Respectfully submitted,

**For *Henry* Plaintiff,**

/s/ Robert K. Shelquist
Robert K. Shelquist, MN Bar No. 21310X
Rebecca A. Peterson, Esq.
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue, Suite 2200
Minneapolis, MN 55401
Phone: (612) 339-6900
rkshelquist@locklaw.com
rapeterson@locklaw.com

Jonathan W. Cuneo, D.C. Bar No. 939389
Charles J. LaDuca, D.C. Bar No. 476134
Matthew E. Miller, D.C. Bar No. 442857
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Ave. NW, Suite 200
Washington, DC 20016
Phone: (202) 789-3960
Fax: (202) 789-1813