**BEFORE THE UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| *In Re 1-800 Contacts Antitrust Litigation* | ) | MDL Docket No: 2770 |
| | ) | |

**PARTY-IN-INTEREST PAM STILLINGS' RESPONSE TO MOVANTS' MOTION FOR TRANSFER AND COORDINATION OF RELATED CASES UNDER 28 U.S.C. § 1407**

## I. PLAINTIFF PAM STILLINGS' NOTICE OF JOINDER IN PRESENT MOTION AND HER ADOPTION OF THE ARGUMENTS MADE BY MOVANTS AND OTHER PLAINTIFFS

Party-in-interest Pam Stillings ("Stillings") is the plaintiff and proposed class-representative in *Stillings v. 1-800 Contacts, Inc.* ("*Stillings*"), which was the first-filed of the six related cases now before this Panel for a proposed MDL consolidation.[1] These related cases all raise similar antitrust challenges to the same business practices employed by 1-800 Contacts, Inc. ("1-800").

Stillings joins in Movants' pending motion for MDL consolidation of these related cases and their transfer to the United States District Court for the District of

---

[1] *Stillings* (D. Utah, Case No. 2:16-cv-01257-TS) was filed on September 21, 2016 in the Northern District of California. It was transferred on December 14, 2016 to the District of Utah upon 1-800's motion for a transfer under 28 U.S.C. § 1404(a) ("Section 1404(a)"). The other related cases are as follows: *Thompson v. 1-800 Contacts, Inc. ("Thompson*") (D. Utah, Case No. 2:16-cv-01183-TC) (filed in S.D. Cal. and transferred to D. Utah); *Bean v. 1-800 Contacts, Inc.* ("*Bean*") (E.D. Pa., Case No. 2:16-cv-05726-AB); *Zimmerman v. 1-800 Contacts, Inc*. ("*Zimmerman*") (E.D. Pa., Case No. 2:16-cv-06417-AB); *Bartolucci v. 1-800 Contacts, Inc.*, ("*Bartolucci*") (D.D.C., Case No. 1:17-cv-00097-ABJ); and *Henry v. 1-800 Contacts, Inc.* ("*Henry*") (D.D.C., Case No. 1:17-cv-00117-ABJ). These cases and their associated case information are listed in Movants' Schedule of Actions (Dkt. 1-2).

Columbia under 28 U.S.C. § 1407 ("Section 1407").[2] She adopts by incorporation Movants' arguments in support of the present motion (*see* Dkt. 1-1). For the sake of brevity and to avoid repetition, she limits her present response to the following matters, which she respectfully asks this Panel to consider when ruling on the motion.

## II. JUDICIAL ECONOMY WILL BE BEST PROMOTED BY AN MDL CONSOLIDATION AND TRANSFER TO A COURT THAT HAS SUBSTANTIAL EXPERIENCE CONDUCTING MDL PROCEEDINGS IN CONSOLIDATED ANTITRUST CLASS-ACTIONS.

The controlling consideration that should govern this Panel's decision should be judicial economy: which procedure will most likely result in the expeditious, efficient adjudication of the related cases now before this Panel?

Plaintiff Stillings respectfully submits that judicial economy will be best promoted by consolidating the present cases under Section 1407 and transferring them to a district court that has substantial experience conducting MDL proceedings in consolidated antitrust class actions. *See In re Int'l Air Transp. Surcharge*

---

[2] Movants are Daniel Bartolucci and Edward Ungvarsky (the "Bartolucci Plaintiffs"), who are the plaintiffs and proposed class representatives in *Bartolucci* (D.D.C., 1:17-cv-00097-ABJ).

*Antitrust Litig.*, 460 F. Supp. 2d 1377, 1379 (J.P.M.L. 2006) (referring MDL consolidation of complex antitrust cases to the Northern District of California because, *inter alia*, the cases would be assigned to "an able judge experienced in the management of complex and multidistrict litigation" and "the district is well equipped with the resources that this complex antitrust docket is likely to require."); *In re Vioxx Prod. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("By centralizing this litigation in the Eastern District of Louisiana before Judge Eldon E. Fallon, we are assigning this litigation to a jurist experienced in complex multidistrict products liability litigation and sitting in a district with the capacity to handle this litigation.")

Of the candidate courts proposed by the various parties, Stillings respectfully submits that the District Court for the District of Columbia is likely best placed to preside over the consolidated cases, owing to its comparatively uncongested docket and especially to its significant experience handling complex antitrust litigation of all kinds, MDL proceedings of various kinds, and MDL proceedings in consolidated antitrust class actions. *See generally* Movants' Opening Memorandum (Dkt. 1-1) at pp. 12-13 (§§ E-F).

//

MDL procedures are intended to promote the efficient "centralized management" of related cases that are originally filed in different districts, not their compulsory transfer to the defendant's home forum. *See U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238 F. Supp. 2d 270, 273 (D.D.C. 2002) ("In enacting § 1407, Congress intended to provide centralized management of pretrial proceedings and to ensure their 'just and efficient' conduct.") (quoting H.R.Rep. No.1130, 90th Cong., 2d Sess., reprinted in 2 U.S.Code Cong. & Admin.News, pp. 1898, 1899–1900 (1968)).

When deciding where to refer MDL proceedings, this Panel considers *inter alia* which court among various candidate courts has the most experience adjudicating and managing the same kinds of cases. *See In re Int'l Air Transp. Surcharge Antitrust Litig.*, 460 F. Supp. 2d at 1379. Doing so promotes judicial efficiency, allows the federal court system to call upon the expertise of certain courts for particular cases, and ensures that MDL matters are assigned to district courts that they are best placed to preside over them. *See id.*

The related cases before this Court should be referred to a court that has significant experience presiding over complex antitrust class actions that are consolidated for MDL proceedings. Any other approach likely would not result in

optimal judicial economy.

## III. THERE HAS BEEN VIRTUALLY NO ACTIVITY IN ANY OF THE RELATED CASES EXCEPT FOR VENUE LITIGATION. AN MDL CONSOLIDATION THEREFORE WILL CAUSE NO PREJUDICE TO ANY PARTY-IN-INTEREST OR OTHERWISE RESULT IN ANY JUDICIAL INEFFICIENCY.

If this Panel consolidates the related cases under Section 1407, there will be no prejudice to any of the parties in the related cases, nor any judicial inefficiency, since there has been only minimal activity in each case. On the contrary, an MDL consolidation and transfer to an appropriate court will promote and result in significant judicial economy by assuring that these related antitrust class actions are administered by a court that has substantial experience conducting this kind of litigation.

Other than venue litigation, there has been virtually no activity in any of the related cases. 1-800 has not answered any complaint or filed a motion to dismiss or other motion directed to the pleadings in any of the cases. It declined to respond to discovery requests propounded by the plaintiffs in *Stillings* and *Bean*, asserting that there should be no discovery until all of the present cases are consolidated. In response, these plaintiffs agreed to its request for a stay of discovery until such a

consolidation is ordered. The parties have not yet exchanged initial disclosures in any of the cases. More generally, there has been only minimal discovery and no other pre-trial proceedings of any kind in any of the cases, except for 1-800's motions for transfer and consolidation.[3]

Since there has been only minimal activity in these cases except for venue motions, Movants' requested MDL consolidation will not cause prejudice to any

---

[3] These motions have been as follows. In November, 2016, 1-800 and the *Thompson* plaintiffs jointly moved for the transfer of *Thompson* from the Southern District of California to the District of Utah under Section § 1404(a). *See Thompson* (D. Utah, 2:16-cv-01183-TC) at Dkt. 22 (granting joint motion for transfer to D. Utah). In December, 2016, 1-800 successfully moved for the transfer of *Stilling*s from the Northern District of California to the District of Utah under Section 1404(a). *See Stillings* (D. Utah, 2:16-cv-01257-TS) at Dkt. 41 (transfer order). In the remaining four cases, 1-800 has filed a motion to transfer the case to the District of Utah under Section 1404(a). *See Bean* (E.D. Pa, 2:16-cv-05726-AB) at Dkt. 14; *Zimmerman* (E.D. Pa, 2:16-cv-06417-AB) at Dkt. 11; *Bartolucci* (D.D.C., 1:17-cv-00097-ABJ) at Dkt. 8; and *Henry* (D.D.C., 1:17-cv-00117-ABJ) at Dkt. 6. These motions remain pending. In two of these cases, *Bean* and *Zimmerman*, the court (E.D. Pa) has stayed all proceedings, including its hearing of 1-800's transfer motions, until this Panel rules on the present motion for an MDL consolidation. *See Bean* (E.D. Pa, 2:16-cv-05726-AB) at Dkt. 21 (judicial stay); *Zimmerman* (E.D. Pa, 2:16-cv-06417-AB) at Dkt. 19 (judicial stay), In the remaining two cases, *Bartolucci* and *Henry*, the court (D.D.C.) has stayed all proceedings except for the transfer motions, which remain pending and are not yet fully briefed. *See Bartolucci* (D.D.C., 1:17-cv-00097-ABJ), Minute Order of February 3, 2017 (granting partial stay); *Henry* (D.D.C., 1:17-cv-00117-ABJ), Minute Order of February 3, 2017 (granting partial stay).

party-in-interest, nor result in any judicial inefficiency.

## IV. CONCLUSION

For the above reasons, and for the reasons ably argued by Movants, Plaintiff Stillings respectfully requests that this Court grant the present motion and transfer the present cases to the United States District Court for the District of Columbia.

Dated: February 15, 2017

Respectfully submitted,

LAW OFFICES OF WILLIAM MARKHAM, P.C.

/s/ William Markham

William Markham

William Markham, California State Bar No. 132970
*wm@markhamlawfirm.com*
Dorn Bishop, California State Bar No. 147994
*db@markhamlawfirm.com*
Jason Eliaser, California State Bar No. 248394
*je@markhamlawfirm.com*
LAW OFFICES OF WILLIAM MARKHAM, P.C.
550 West C Street, Suite 2000
San Diego, CA 92101
Tel: 619.221.4400

Ronald Marron, California State Bar No. 175650
*ron@consumersadvocates.com*
Michael Houchin, California State Bar No. 305541
*mike@consumersadvocates.com*
LAW OFFICES OF RONALD A. MARRON, P.C.
651 Arroyo Drive
San Diego, CA 92103
Tel: 619.696.9006

Attorneys for Plaintiff Pam Stillings and the Proposed Classes in *Stillings v. 1-800 Contacts, Inc.* (D. Utah, 2:16-cv-01257-TS).