UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: 1-800 CONTACTS ANTITRUST LITIGATION                               MDL No. 2770


ORDER DENYING TRANSFER


**Before the Panel:**[*] Plaintiffs in the District of District of Columbia *Bartolucci* action, which since has been transferred to the District of Utah, move to centralize six actions in the District of District of Columbia. The actions, which are listed on the attached Schedule A, are pending in the Eastern District of Pennsylvania (two actions) and the District of Utah (four actions). The Panel has been informed of an additional federal action involving related issues in the Eastern District of Arkansas.

All responding plaintiffs support centralization in the District of District of Columbia, in the first instance. In the alternative, plaintiffs in the two Eastern District of Pennsylvania actions (*Bean* and *Zimmerman*) suggest the Eastern District of Pennsylvania as transferee district, while plaintiffs in the District of Utah *Thompson* action suggest the District of Utah.

Common defendant 1-800 Contacts, Inc., opposes centralization. 1-800 Contacts agrees that these actions should be litigated in a single venue – the District of Utah, but argues that the better mechanism for achieving this is transfer under 28 U.S.C. § 1404.

On the basis of the papers filed and the hearing session held, we deny the *Bartolucci* plaintiffs' motion. As all parties acknowledge, these Sherman Act putative class actions share factual issues stemming from allegations that 1-800 Contacts entered into reciprocal "bidding agreements" with more than a dozen of its rivals under which the parties agreed not to compete against one another in certain online search advertising auctions.[1] There also is no dispute that these actions should be litigated together. The only real dispute is whether Section 1404 or Section 1407 is the better means for accomplishing that objective.

---

[*] One or more Panel members who could be members of the putative class in this litigation have renounced their participation in that class and have participated in this decision.

[1] Allegedly, under these bidding agreements, the parties agreed not to bid in any search advertising auctions for any of their respective trademarked terms or variations thereof. In addition, many of the agreements required the parties to employ "negative keywords" directing the search engines not to display the competitor's advertisement in response to a search query that included any of the other party's trademarked terms or variations thereof. Thus, for example, a consumer who tried to locate and purchase contact lenses online using a query such as "1-800 Contacts" would be unable to find sellers of contact lenses other than 1-800 Contacts.

-2-

As we repeatedly have held, "where 'a reasonable prospect' exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 centralization." *E.g., In re: 3M Co. Lava Ultimate Prods. Liab. Litig.*, — F. Supp. 3d —, 2016 WL 4153598, at *1 (J.P.M.L. Aug. 5, 2016) (quoting *In re: Gerber Probiotic Prods. Mktg. and Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012)). Such a prospect plainly exists here. The two earliest-filed actions in the District of Utah were transferred to that district under Section 1404 from the Northern and Southern Districts of California, respectively, in late 2016. More recently, the District of District of Columbia court transferred the *Bartolucci* and *Henry* actions to the District of Utah on 1-800 Contacts' opposed Section 1404 motion. In the two Eastern District of Pennsylvania actions, 1-800 Contacts' Section 1404 motions are pending. Given these circumstances, centralization under Section 1407 is not warranted.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: 1-800 CONTACTS ANTITRUST LITIGATION**                                MDL No. 2770

## SCHEDULE A

<u>Eastern District of Pennsylvania</u>

BEAN v. 1-800 CONTACTS, INC., C.A. No. 2:16-05726
ZIMMERMAN, ET AL. v. 1-800 CONTACTS, INC., C.A. No. 2:16-06417

<u>District of Utah</u>

THOMPSON, ET AL. v. 1-800 CONTACTS, INC., ET AL., C.A. No. 2:16-01183
STILLINGS v. 1-800-CONTACTS, INC., C.A. No. 2:16-01257
BARTOLUCCI, ET AL. v. 1-800 CONTACTS, INC., C.A. No. [pending]
HENRY v. 1-800 CONTACTS, INC., ET AL., C.A. No. [pending]